1 DAVID D. LAWRENCE, State Bar No. 123039
2 DENNIS M. GONZALES, Bar No. 59414
  RAYMOND W. SAKAI, State Bar No. 193507
3 rsakai@lbaclaw.com
  LAWRENCE BEACH ALLEN & CHOI, PC
4 100 West Broadway, Suite 1200
  Glendale, California 91210-1219
5 Telephone No. (818) 545-1925
  Facsimile No. (818) 545-1937

6 Attorneys for Defendants
7 City of Burbank and Chief Scott LaChasse

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 JEREMY BASSETT, APRIL RICKMAN, G. B. through his guardian 12 ad litem JEREMY BASSETT, R. B. through his guardian ad litem JEREMY 13 BASSETT, J. B. through her guardian ad litem JEREMY BASSETT, A. B. 14 through her guardian ad litem JEREMY BASSETT, 15    Plaintiffs, 16 17  vs. 18 CITY OF BURBANK; SCOTT LACHASSE; ANTHONY 19 VALENTO; MARK ARMENDARIZ; GAYLE BASSETT; and DOES 1-10, 20 inclusive, 21    Defendants. | Case No. CV 14-01348 SVW (CWx) Magistrate Judge Carla Woehrle **PROTECTIVE ORDER RE CONFIDENTIAL MATERIALS** *[Stipulation for Protective Order filed concurrently herewith]* |

22    Having reviewed and considered the Parties' Stipulation for Protective

23 Order Governing Confidential Information Produced During Discovery, good

24 cause showing therein, IT IS SO ORDERED:

25    1. <u>Plaintiffs</u>.  Plaintiffs are Jeremy Bassett, April Rickman, G. B.

26 through his guardian *ad litem* Jeremy Bassett, R. B. through his guardian *ad litem*

27 Jeremy Bassett, J. B. through her guardian *ad litem* Jeremy Bassett, and A. B.

28 through her guardian *ad litem* Jeremy Bassett, (hereinafter "Plaintiffs").

BASSETT\PROPOSED PROTECTIVE ORDER

2.      Disclosing Party.  Disclosing Party shall refer to Defendant City of Burbank.

3.      Receiving Party.  The Receiving Party shall refer to all Parties receiving information from Disclosing Party pursuant to this protective order. The Receiving Parties  are the Parties and their agents as set forth in Paragraph Nos. 17 and 18 of this Protective Order.

4.      Case Summary.  This case arises from Plaintiffs' allegations that their rights under federal and state law were violated as a result of purported wrongful conduct by Defendants related to Plaintiff Jeremy Bassett's two arrests in 2012 and related criminal prosecution.  Plaintiffs further allege that Defendant Valento and Gayle Bassett, Plaintiff Jeremy Bassett's ex-wife, conspired to extort monies from Plaintiff Jeremy Bassett regarding criminal charges filed against Plaintiff Jeremy Bassett.  Plaintiffs also claim that in mid-2013, Defendant Valento used excessive force on Plaintiff G.B.

5.      Good Cause Statement and Confidential Materials.  The Parties anticipate that during discovery in this action they will exchange documents, items, or materials and other information that contain sensitive and confidential information that derives actual or potential value from not being generally known to the public and are the subject of reasonable efforts to maintain their confidentiality.  The Parties have agreed that the below-listed documents shall be designated confidential documents and/or writings because the Parties believe, in good faith, that these documents and/or writings are protected by the Official Information Privilege, the right to privacy guaranteed in Federal Constitution, First Amendment and California Constitution, Article I, Section I, and various California Government, Penal, and Evidence Code sections, and thus protected from disclosure.   This will be accomplished by affixing to such document or writing a legend, such as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or words of similar effect.  Documents and writings

2

so designated, hereinafter, collectively, ("Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order. Documents, writings and things to be designated as such, include the following:

       a)     Any material relating to or regarding the personnel files and/or records of any employee or former employee of the Burbank Police Department, including Defendants Mark Armendariz and Anthony Valento ;

       b)     Any material relating to any personnel investigations conducted by the Burbank Police Department or other law enforcement agency regarding any member or former member of the Burbank Police Department, including Defendants Anthony Valento and Mark Armendariz; and,

       c)     Any material relating to incidents involving Plaintiffs containing sensitive and private information regarding third parties.

      6.    <u>Interests In Favor Of Protective Order.</u>  This Order is necessary to expedite discovery, while maintaining confidential and private information of Defendants and third parties, and to protect parties or persons from annoyance, embarrassment, oppression, or undue burden or expense.  Further, disclosure of such information without a protective order may compromise the safety of Defendants and third parties.

      7.    <u>Stipulation.</u>  The Parties are entering into this Stipulation for Protective Order to protect against any improper disclosure or risk of circumvention of law that might result from disclosure of sensitive and confidential information as described in this Order.  To informally resolve this discovery matter, the Parties have agreed to this Stipulation for Protective Order that carefully limits the use and dissemination of the Confidential Information.

      8.    <u>Confidential Information.</u>  This Protective Order shall apply to all Confidential Information, produced by Disclosing Party to the Receiving Party. The Confidential Information may be contained in originals and copies of relevant interrogatory responses obtained from Disclosing Party in this matter;

originals and copies of relevant documents responsive to requests for production of documents obtained from the Disclosing Party in this matter; and originals and copies of transcripts, video recordings, and audio recordings of any deposition taken in this matter during which the Confidential Information is used, mentioned, reviewed, discussed, and/or referred to.  The Confidential Information shall be subject to this Protective Order as follows:

9. Storage Of Confidential Information. Immediately upon production by the Disclosing Party, attorneys for the Receiving Party shall personally secure and maintain the Confidential Information in their possession.  The Confidential Information shall not, under any circumstances, be left in an open or unsecured location where unauthorized persons (such as unauthorized employees of counsel, cleaning personnel, etc.) might have access to them.

10. Confidential Information Legend. All documents containing Confidential Information shall be stamped "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or words of similar effect.

11. Limitation Of Use Of Confidential Information. Attorneys for the Receiving Party shall not cause or knowingly permit disclosure of the contents of the Confidential Information, in any manner, including orally, beyond the disclosure permitted under the terms and conditions of this Order.  Any such disclosure shall be construed as a violation of this Order, except when used for purposes of this litigation as described in Paragraph Nos. 15 and 16 of this Protective Order.

12. Testimony Regarding The Confidential Information. In the case of depositions, any party may designate all or any portion of the deposition testimony given in this litigation as Confidential Information orally during the deposition.  Any questions intended to elicit testimony regarding the contents of the Confidential Information shall be conducted only in the presence of persons

4

1  authorized to review the Confidential Information as provided in this Order.  Any

2  deposition transcript containing such questions and testimony shall be subject to

3  the same protections and precautions applicable to the Confidential Information.

4        13.    <u>Inadvertent Disclosure.</u>  If the Disclosing Party inadvertently

5  produces any Confidential Information without designating it as such, it may be

6  remedied by (1) promptly notifying the other parties of the error; and (2)

7  providing a substitute copy of the Confidential Information with a proper legend.

8  In that event, the Receiving Parties who have obtained inadvertently produced

9  undesignated Confidential Information will: (1) return the previously produced

10  Confidential Information and destroy all copies thereof; and (2) if the Receiving

11  Party has already disseminated the Confidential Information to any person, the

12  Receiving Party will notify all such persons receiving the Confidential

13  Information in writing of the need to return such Confidential Information and not

14  to further disseminate it.  This provision applies to any and all Confidential

15  Information produced to the Receiving Party.

16        14.    <u>Limitations On The Non-Litigation Use Of Confidential</u>

17  <u>Information.</u>  The confidentiality of the Confidential Information exchanged

18  during discovery in this action shall be maintained, and all Confidential

19  Information exchanged will be used solely for the litigation of this action entitled.

20  Specifically, the Receiving Party may not use such documents, records, or other

21  information (or the contents thereof) for any other purpose, including use as

22  background material, or for inclusion in books, magazines, newspapers, or other

23  publications.  The Receiving Party is prohibited from placing any of the

24  Confidential Information on the Internet.

25        15.    <u>Court Filings.</u>  If necessary in the judgment of attorneys for

26  Receiving Party, said attorneys may show or reveal the contents of the

27  Confidential Information to the court only pursuant to Local Rule 79-5.

28        16.    <u>Other Persons Authorized To Review Confidential Information.</u>  The

BASSETT\PROPOSED PROTECTIVE ORDER

Receiving Parties' attorneys of record may be permitted to see originals and obtain copies of the Confidential Information covered by this Order.  Also, Defendants, including officers, directors, employees, and experts thereof may be permitted to review the Confidential Information.  Additionally, paralegals, secretaries, expert witnesses, and other individuals and entities that may be employed or retained by the Receiving Party to assist in the preparation and/or the litigation of this action may be permitted to see originals and obtain copies of the Confidential Information covered by this Order, provided such experts and employees have first executed the written statement set forth in Paragraph No. 18 below, and comply with the provisions of that section.

17.    <u>Applicability Of Order To Other Persons.</u>  Prior to the disclosure of any Confidential Information to any person described above, attorneys for the Receiving Party who seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this Order, and shall cause him or her to execute the following acknowledgment:

"I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in this action and hereby agree to comply with and be bound by the terms and conditions of the said Order with respect to the handling, use and disclosure of each Confidential Document.  I understand that I may be subject to penalties for contempt of Court if I violate this Order and hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated:  _____ /s/_____"

This written requirement applies to, but is not limited to, paralegals, secretaries, expert witnesses, and other individuals and entities that may be employed or retained by the Receiving Party's counsel to assist in the preparation and/or the

litigation of this action.  The Receiving Party shall be responsible for maintaining the signed original of each such written statement until the conclusion of these proceedings, including any appeal.

18.   <u>No waiver of objections.</u>  Nothing in this Stipulation and Order constitutes any decision by the Court concerning discovery disputes or the admission into evidence of any specific document or testimony or liability for payment of any costs of production or reproduction of documents.  This Order also does not constitute a waiver by any party of any right to object to discovery or admission into evidence of any document, record, testimony or other information that is subject to this Order.  Nor do Defendants waive any privileges, including, but not limited to, the investigatory files or official information privileges, *see, e.g.*, *Weiner v. FBI*, 943 F. 2d 972, 985 (9th Cir. 1991), or *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992), by entering into this order.

19.   <u>Subpoena for Confidential Information.</u>  In the event that the Receiving Party receives a subpoena, discovery request, or other legal process seeking production of Confidential Information, the Receiving Party must give prompt written notice to the Disclosing Party.  The Receiving Party shall inform the person or entity seeking the information of the existence of this Stipulation and Order and shall not produce the Confidential Information absent a Court Order requiring such production.

20.   <u>Modification.</u>  For good cause, any party may seek a modification of this Order, first by attempting to obtain the consent of the other parties to such modification, and then, absent consent, by application to this Court.

21.   <u>Return of Confidential Information.</u>  No more than thirty (30) calendar days after the conclusion of this case the Receiving Party and every other person and/or entity who received originals or copies of the Confidential Information shall return all originals, copies of the Confidential Information, and material derived therefrom, including, but not limited to, all log(s) of persons

7

authorized to review the protected documents and the written statement(s) acknowledging the terms and provisions of this Order pursuant to Paragraph No. 18 of this Order, to the Disclosing Party care of:

> Dennis M. Gonzales, Esq.
> Raymond W. Sakai, Esq.
> Lawrence Beach Allen & Choi, PC
> 100 West Broadway, Suite 1200
> Glendale, California 91210-1219

Alternatively, the Receiving Party and every other person and/or entity who received originals or copies of the Confidential Information may destroy all such material and material derived therefrom within thirty (30) calendar days after the conclusion of this case.  Additionally, within thirty (30) calendar days after the conclusion of this case, counsel for the Receiving Party shall send a signed declaration stating that such material has been destroyed pursuant to this Protective Order.  This case has concluded when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

22.   Survivability Of This Protective Order.  This Stipulation and Protective Order shall survive the termination of this action, and the Court shall retain jurisdiction to enforce it.

IT IS SO ORDERED.

Dated:  June 13, 2014 _      _____
                                                Honorable Carla Woehrle
                                                United States Magistrate Judge

BASSETT\PROPOSED PROTECTIVE ORDER